RHETT O. MILLSAPS II (*pro hac vice pending*)
rhett@rhettmillsaps.com
LAW OFFICE OF RHETT O. MILLSAPS II
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 535-1137
Facsimile:  (646) 355-2816

JEFFREY E. OSTROW (SBN 213118)
jostrow@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

CHRISTOPHER J. SPRIGMAN (*pro hac vice pending*)
christopher.sprigman@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Plaintiff Great Minds

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT MINDS,<br><br>  Plaintiff,<br><br>  vs.<br><br>OFFICE DEPOT, INC.,<br><br>  Defendant. | Case No. 2:17-cv-07435<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Great Minds, by its undersigned counsel, for its complaint against defendant Office Depot, Inc. ("Office Depot"), hereby alleges, on knowledge as to its own conduct and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1. This action arises from defendant Office Depot's willful and blatant infringement of Great Minds' copyrights in certain educational materials created and owned by Great Minds; namely, Office Depot's unauthorized commercial reproduction and distribution of materials constituting Great Minds' *Eureka Math* and engageNY Math curriculum for grades Pre-Kindergarten through 12 ("Eureka Math") in violation of the U.S. Copyright Act. Office Depot, being fully aware of Great Minds' rights in and to Eureka Math, is deliberately and willfully infringing those rights by actively soliciting customers for commercial reproduction of Eureka Math by Office Depot and by reproducing and distributing Eureka Math for profit without Great Minds' authorization. This action arises also from Office Depot's breach of a now-expired licensing agreement between the parties.

2. Faced with Office Depot's continuing willful infringement of its copyrights in Eureka Math, Great Minds files this lawsuit seeking injunctive relief and a monetary award sufficient to compensate it for the damages and lost profits it has suffered as a result of Office Depot's activities constituting breach of contract and copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and to deter any future acts of infringement by Office Depot.

## PARTIES

3. Plaintiff Great Minds is a 501(c)(3) non-profit educational organization duly organized and existing under the laws of Washington, D.C. with its principal place of business at 55 M Street SE, Washington, DC.

4. Defendant Office Depot is a Delaware corporation with its principal place of business in Boca Raton, Florida. Upon information and belief, Office Depot owns and operates approximately 1,400 Office Depot and Office Max stores

throughout the United States – including but not limited to stores in and around Los Angeles, California – that provide, among other things, printing, duplication, and binding services to businesses, schools, and the general public.

## JURISDICTION

5. This action asserts claims arising under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. This Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). Great Minds owns copyright registrations in Eureka Math, which are listed in the chart attached hereto as Exhibit A.

6. This Court has supplemental jurisdiction over Great Minds' claim for breach of contract under 28 U.S.C. § 1367. Additionally, this Court has diversity jurisdiction under 28 U.S.C. § 1332 over all claims because Great Minds and Office Depot are citizens of different states and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Office Depot because it conducts substantial business in the State of California, has infringed Great Minds' copyrights in the State of California, and has purposefully targeted its activities to and has systematically transacted, done, and solicited business in this District.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Office Depot operates stores in this District, has infringed Great Minds' copyrights in this District, and a substantial part of the events or omissions giving rise to Great Minds' claims occurred in this District. Venue additionally is proper in this District under 28 U.S.C. § 1400(a) because Office Depot resides or may be found in this District.

## FACTUAL ALLEGATIONS

9. Great Minds is a Washington, D.C. based non-profit 501(c)(3) organization established in 2007 that seeks to ensure that all students, regardless of their circumstance, receive a content-rich education in the full range of the liberal arts and sciences, including English, mathematics, history, the arts, science, and

foreign languages. Great Minds (formerly Common Core, Inc.) works with teachers and scholars to create instructional materials, conduct research, and promote policies that support a comprehensive and high-quality education in America's public schools.

10. As a central component of this mission, Great Minds has created, among other products and curricula, Eureka Math – a comprehensive math curriculum for grades PreK-12 used by schools around the country.

11. Great Minds' Eureka Math curriculum is so groundbreaking and effective that, only four years after its release in 2013, Eureka Math has become the most widely used math curriculum in the United States. A 2016 study by RAND Corporation, which surveyed 1,168 teachers nationwide, showed that 57% of elementary school and 47% of secondary teachers said that they used Eureka Math or the version of the Eureka Math curriculum created and developed by Great Minds for the State of New York.

12. Great Minds itself publishes and sells book versions of Eureka Math and uses the revenues from those sales to advance Great Minds' non-profit, educational mission and to fund its day-to-day operations, including the development of new curricula and the continual improvement of existing curricula. Indeed, unlike many non-profits, which rely primarily on donations and foundation grants for support, nearly all of Great Minds' operating budget comes from sales of its curricula, particularly Eureka Math.

13. Great Minds also makes Eureka Math available for any member of the public to "reproduce and Share . . . in whole or in part, *for NonCommercial purposes only*" under a Creative Commons Attribution – Non Commercial – Share Alike 4.0 International Public License (the "Public License," a copy of which is attached hereto as Exhibit B) (emphasis added). The Public License makes clear that the rights granted to the public are limited to *non-commercial* uses, and that Great Minds retains its exclusive copyright rights with respect to *commercial* use and

reproduction of Eureka Math. The Public License states:

> To the extent possible, the Licensor waives any right to collect royalties from You for the exercise of the Licensed [*i.e.*, noncommercial] Rights, whether directly or through a collecting society under any voluntary or waivable statutory or compulsory licensing scheme. **In all other cases the Licensor expressly reserves any right to collect such royalties, including when the Licensed Material is used other than for NonCommercial purposes** (emphasis added).

14. This explicit limitation of the Public License to noncommercial use requires that commercial print shops, like Office Depot, negotiate a license and pay a royalty to Great Minds if they wish to use or reproduce Eureka Math for commercial purposes – *i.e.*, for their own profit. This arrangement strikes a balance that maximizes benefit to the public, both by freely permitting *non-commercial* uses by any member of the public, while simultaneously reserving *commercial* uses so that Great Minds is able to provide itself with the financial resources that it requires to develop new, groundbreaking curricula and to improve existing curricula that aim to revolutionize America's educational system.

15. Great Minds also uses revenues from Eureka Math to further its educational mission in other ways, such as developing and providing professional development workshops to teachers, creating thousands of videos that help teachers better understand how to use Eureka Math, and developing support materials for parents and others that are made freely available.

16. The Public License is one in a suite of six licenses created and made available for free public use by Creative Commons Corporation on its website at https://creativecommons.org/licenses/ (a printout of this web page is attached hereto as Exhibit C). Some Creative Commons licenses allow for free commercial use by the public. Others, such as the Public License, are restricted to noncommercial uses.

- 4 -
Complaint

The licenses, including the Public License, make clear on their faces that the license terms apply equally to everyone who comes into possession of the licensed materials, including all "downstream recipients."

17. Great Minds would not have made Eureka Math available under the Public License if in doing so it gave up its right to charge a royalty for commercial reproduction of the curriculum – a right that is expressly retained by Great Minds under the language of the Public License, as discussed above.

18. In or around May 2015, Great Minds discovered that Office Depot stores were commercially reproducing Eureka Math without authorization or license from Great Minds.

19. Great Minds contacted Office Depot's counsel by telephone in May 2015 and began discussions regarding a license. On July 20, 2015, Great Minds sent a letter to Office Depot setting forth the terms on which it would enter into a license. These terms included payment of a royalty by Office Depot to Great Minds for Office Depot's commercial reproduction of Great Minds' Eureka Math materials.

20. Following further discussions between the parties, Great Minds and Office Depot executed an agreement dated August 10, 2015, titled "Agreement Between Great Minds and Office Depot, Inc. for Office Depot's Limited Commercial Reproduction and Distribution of Great Minds Eureka Math Materials and Derivatives" (the "OD License"). The OD License authorized Office Depot "to engage in limited commercial reproduction and distribution of [Eureka Math]…in exchange for royalty payments and adherence to other conditions…" The OD License also included a full release by Great Minds of any claims arising from Office Depot's prior, unauthorized commercial reproduction of Eureka Math in exchange for an additional royalty payment by Office Depot.

21. On or around September 10, 2015, Office Depot provided to Great Minds an Excel spreadsheet on which it purported to list all of the customers to which it had distributed, without authorization and prior to the execution of the OD

License, copies of Great Minds' Eureka Math materials, and the price charged to each customer for those unauthorized copies. Office Depot was required under the terms of the OD License to report these prior unauthorized copies, and to pay royalties for them, as a condition of Great Minds' agreement to release Office Depot from liability for its past infringement. When Great Minds reviewed the Office Deport spreadsheet, however, it quickly became clear that Office Depot had significantly under-reported its prior unauthorized copying. Great Minds had information from certain school districts that Office Depot had reproduced Eureka Math for those districts prior to the OD License, but the spreadsheet did not include the print jobs Office Depot had undertaken for those districts. Additionally, when Great Minds inspected the Office Depot spreadsheet closely, Great Minds found hidden rows and columns containing information about a large number of print jobs that Office Depot had not included in its calculations and for which Office Depot had not paid royalties.

22. Great Minds confronted Office Depot with this information, and the parties eventually worked out a correct royalty payment for Office Depot's past infringement. But from that moment forward, Great Minds did not believe that it could fully trust Office Depot's representations. Great Minds nonetheless moved forward with the parties' agreement, and Office Depot began reporting and paying royalties for its commercial reproduction jobs using Eureka Math.

23. Prior to the expiration of the OD License, Great Minds and Office Depot negotiated and executed a renewal agreement dated June 24, 2016, which included additional conditions required by Great Minds and was titled "Renewal Agreement Between Great Minds and Office Depot, Inc. for Office Depot's Limited Commercial Reproduction and Distribution of Great Minds' Eureka Math Materials" (the "Renewal Agreement"). The Renewal Agreement continued to authorize Office Depot "to engage in limited commercial reproduction and distribution of [Eureka Math]…in exchange for royalty payments and adherence to

other conditions" for an additional six-month period ending December 31, 2016.

24. In or around December 2016, Great Minds and Office Depot agreed in writing to extend the term of the Renewal Agreement until June 30, 2017. Under the terms of the Renewal Agreement, either party could elect to terminate the Renewal Agreement for any reason upon thirty days' written notice to the other party.

25. Throughout the terms of the OD License and the Renewal Agreement, Office Depot employed field representatives in different regions who, among other things, solicited commercial reproduction business from schools and school districts using Eureka Math. Office Depot submitted regular royalty reports and payments to Great Minds in connection with Office Depot's commercial reproduction of Eureka Math.

26. In or around April 2017, Great Minds discovered that Office Depot had commercially reproduced and distributed Eureka Math materials to schools in California, Oregon, and Kansas but failed to account for those jobs and pay the associated royalties to Great Minds as required by the Renewal Agreement. On information and belief, Office Depot has failed to account for commercial copies of Great Minds' Eureka Math materials it has distributed to other schools and school districts.

27. Office Depot gave notice to Great Minds on or around May 10, 2017 that it was terminating the Renewal Agreement, which included Office Depot's license to make commercial reproductions of Eureka Math, effective June 10, 2017.

28. Office Depot chose to terminate the Renewal Agreement in the wake of a ruling on February 24, 2017 by a U.S. District Court in the Eastern District of New York (the "New York Court") that granted a 12(b)(6) motion to dismiss a claim for copyright infringement brought by Great Minds against FedEx Office and Print Services, Inc. ("FedEx"), Index No. 2:16-cv-01462-DRH-ARL, based on FedEx's unauthorized commercial reproduction of Eureka Math. An appeal in that case is currently pending before the U.S. Court of Appeals for the Second Circuit.

29. In dismissing Great Minds' complaint against FedEx, the New York Court ruled that the Public License unambiguously permitted FedEx to make commercial reproductions of Eureka Math at the request of schools and school districts, but the New York Court did so by ignoring express limiting language in the Public License. Accordingly, Great Minds believes that it should prevail in the Second Circuit and that the case will be remanded to proceed on the merits.

30. Additionally, this case is different from the FedEx case in New York in an important respect. In the FedEx case, unlike here, Great Minds did not have evidence that FedEx was actively soliciting customers using Eureka Math, and thus the New York Court did not address whether such solicitation is a commercial use of Eureka Math outside the scope of the Public License. Here, Office Depot not only is commercially reproducing and distributing Eureka Math at the request of schools and school districts, but it also employs field representatives who are actively soliciting schools and school districts for its commercial reproduction services using Eureka Math, including but not limited to schools already purchasing Eureka Math materials from Great Minds.

31. Following Office Depot's termination of the Renewal Agreement in June 2017, Great Minds learned that Office Depot continues to employee field representatives who are actively soliciting schools using Eureka Math to offer Office Depot's commercial reproduction services for Eureka Math. Among other strategies, Office Depot's representatives use Google Alerts to track schools and school districts using Eureka Math, and the representatives then contact those schools to offer Office Depot's commercial reproduction services for Eureka Math.

32. In particular, Office Depot employs a field representative for the Southern California area who is actively soliciting schools in Los Angeles and the surrounding area for Office Depot's commercial reproduction of Eureka Math. Office Depot continues to commercially reproduce and distribute Eureka Math in Los Angeles and around the country following termination of the Renewal

Agreement, now without authorization or license from Great Minds.

33. It is Great Minds' understanding, based on information that includes Office Depot's past royalty reporting under the now-expired OD License, that Office Depot is presently engaged in unauthorized solicitation and commercial reproduction and distribution *on a mass scale* of Great Minds' copyrighted Eureka Math materials. Upon information and belief, Office Depot has made and distributed hundreds of thousands of unauthorized commercial copies of Eureka Math, and Office Depot will continue to do so unless restrained by this Court.

## COUNT ONE – COPYRIGHT INFRINGEMENT
## (17 U.S.C. §§ 101 et seq)

34. Great Minds incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

35. By its actions alleged above, Office Depot has infringed and will continue to infringe Great Minds' copyrights in Eureka Math by actively soliciting customers for commercial reproduction of Eureka Math and by commercially reproducing and distributing Eureka Math for profit without authorization or license from Great Minds.

36. Great Minds is entitled to an injunction restraining Office Depot, its affiliates, agents, employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the Copyright Act.

37. Great Minds is further entitled to recover from Office Depot, at Great Minds' election, either (a) the damages it has sustained and will sustain, and any gains, profits, and advantages obtained by Office Depot as a result of its acts of infringement as alleged above, or (b) statutory damages for Office Depot's willful infringement of its copyrights in Eureka Math.

38. In light of Office Depot's willful and flagrant violation of Great Minds' copyrights, Great Minds also is entitled to recover from Office Depot Great Minds'

reasonable attorneys' fees and other costs of the action.

## COUNT TWO – BREACH OF CONTRACT

39. Great Minds incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

40. Under the OD License and Renewal Agreement, Great Minds granted a license authorizing Office Depot to commercially reproduce and distribute Eureka Math in exchange for, *inter alia*, payment of a royalty for every such job completed by Office Depot.

41. Office Depot breached the OD License or Renewal Agreement by failing to account and pay royalties for all of its commercial reproduction jobs related to Eureka Math. In particular, Office Depot breached the Renewal Agreement by failing to account and pay royalties for commercial reproduction of Eureka Math for schools in California, Oregon, and Kansas, as well as for other schools and school districts.

42. Great Minds performed all of its obligations under the OD License and Renewal Agreement.

43. Great Minds has suffered damages as a result of Office Depot's breach of the OD License or Renewal Agreement.

## JURY TRIAL DEMAND

Great Minds hereby requests a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Great Minds respectfully demands:

A. That the Court find that defendant has infringed plaintiff's copyrights in Eureka Math;

B. That the Court find that defendant will continue to infringe plaintiff's copyrights unless permanently enjoined from doing so;

C. That the Court enter a permanent injunction restraining defendant, and

its affiliates, agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing plaintiff's copyrights, including but not limited to continuing to manufacture, reproduce, distribute, market, advertise, promote, solicit, or accept orders for, sell, or offer for sale Eureka Math and from participating or assisting in any such activity;

    D.    That the Court order that an accounting be made for all profits, income, receipts, or other benefit derived by defendant from the reproduction, copying, display, promotion, distribution, or sale of materials that improperly or unlawfully infringe upon plaintiff's intellectual property rights;

    E.    That the Court enter judgment for plaintiff and against defendant, at Great Minds election, either (i) for plaintiff's actual damages, and for any profits of defendant attributable to defendant's infringements of plaintiff's copyrights, or (ii) for statutory damages based upon defendant's willful acts of infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*;

    F.    That the Court grant an award of plaintiff's costs and disbursements of this action, including plaintiff's reasonable attorneys' fees, pursuant to 15 U.S.C. § 505;

    G.    That the Court order that an accounting be made for all profits, income, receipts, or other benefit derived by defendant from the reproduction, copying, display, promotion, distribution, or sale of Eureka Math materials during the term of the OD License and Renewal Agreement;

    H.    That the Court enter judgment for plaintiff and against defendant awarding all allowable damages for defendant's breach of the OD License or Renewal Agreement; and

    I.    That the Court grant such other, further, and different relief as the

1 | Court deems just and proper.

3 | Dated: October 11, 2017

SIMPSON THACHER & BARTLETT LLP

By  /s/ *Jeffrey E. Ostrow*
     JEFFREY E. OSTROW

Attorneys for Plaintiff Great Minds