Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Irina V. Lyapis (SBN: 298723)
ilyapis@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel:   (415) 591-1000
Fax:   (415) 591-1400

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543
Tel:   (213) 615-1700
Fax:   (213) 615-1750

*Attorneys for Defendant*
OFFICE DEPOT, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT MINDS, | **Case No. 2:17-cv-07435-JFW (Ex)** |
| Plaintiff, | **JOINT STATEMENT RE: MEET AND CONFER PURSUANT TO LOCAL RULE 7-3** |
| v. | |
| OFFICE DEPOT, INC., | |
| Defendant. | |

Pursuant to Section 5(b) of the Court's Standing Order, the parties hereby jointly submit the following statement detailing their conference held pursuant to Local Rule 7-3 in advance of Defendant Office Depot, Inc.'s anticipated motion for attorneys' fees and costs associated with litigating Plaintiff Great Minds' copyright claim.

The conference took place on February 27, 2018 at 2:30PM by telephone.[1] Jennifer A. Golinveaux (lead counsel) and Diana Hughes Leiden attended on behalf of

---

[1] Because Office Depot's motion for attorneys' fees and costs is due on March 6, 2018, this conference occurred seven days prior to filing the motion in compliance with Local Rule 7-3.

1

Office Depot, and Rhett O. Millsaps II (lead counsel) and Christopher Jon Sprigman attended on behalf of Great Minds.  The conference lasted approximately 15 minutes.

Prior to the conference, counsel for Office Depot emailed counsel for Great Minds, indicating that Office Depot planned to move for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(b) and 17 U.S.C. § 505, and counsel for Great Minds indicated that its position was that such a motion would not be successful.

During the conference, Ms. Golinveaux asked counsel for Great Minds what they believed would weigh against a fees award under 17 U.S.C. § 505 and the relevant factors in this case.  Mr. Millsaps stated that it was Great Minds' position that this was not a clear case because no Circuit Court has addressed interpretation of the Creative Commons Public License at issue, and that Great Minds has a pending appeal in the Second Circuit of the Eastern District of New York's decision in *Great Minds v. FedEx Office & Print Servs., Inc.*, Case No. 16-CV-1462 (DRH) (ARL), 2017 WL 744574 (E.D.N.Y. Feb. 24, 2017), and intends to appeal this Court's decision to the Ninth Circuit. Mr. Sprigman additionally stated that this was not a clear case because Office Depot chose to enter into a royalty-bearing license agreement with Great Minds from 2015-2017, which he argued indicates that Office Depot itself did not believe the terms of the Public License at issue were unambiguous in Office Depot's favor. Mr. Sprigman stated that this showed that Great Minds' dispute with Office Depot is a good faith dispute, and that, given these facts, it would be unseemly for Office Depot, as a multi-billion-dollar corporation, to seek fees against Great Minds, an educational non-profit organization.

Ms. Golinveaux stated that Office Depot believes that the relevant factors all weigh in favor of a fees award here given that Great Minds chose to bring the very same claim against Office Depot in a different jurisdiction after losing that claim on the pleadings in the *FedEx* case, and rather than even waiting for the Second Circuit to

2

decide its appeal.  Ms. Golinveaux also explained that, while the *FedEx* court in the Eastern District of New York denied Defendant's motion for fees because at that time no court had yet interpreted whether the Creative Commons Public License at issue prohibits licensees from hiring copy services, the fact that there was authority directly on point in this case before Great Minds decided to bring the very same claim indicated that Great Minds' copyright claim was not objectively reasonable.  Mr. Millsaps stated that in Great Minds' view the issue was not whether the Public License "prohibits licensees from hiring copy services," but rather whether any copy service a licensee hires must, as is true of any party exercising rights under the Public License, abide by the Public License's non-commercial restriction. Mr. Millsaps stated that in Great Minds' view the New York court had not decided that issue, but rather had avoided it. Mr. Millsaps further stated that this case differed from the *FedEx* case in that Great Minds here alleged – which it did not in the *FedEx* case in the Eastern District of New York – that Office Depot actively solicited customers using Great Minds' materials to offer Office Depot's copy services.  Ms. Golinveaux noted that this Court disagreed and ruled as a matter of law that those allegations did not amount to copyright infringement and did not meaningfully distinguish this case from the *FedEx* case.

The parties determined that they could not resolve these differences in their positions, and Ms. Golinveaux indicated that Office Depot would move forward in filing its motion for fees.

///

///

///

1  DATED: March 2, 2018                          WINSTON & STRAWN LLP

2                                         By: */s/ Jennifer A. Golinveaux*
                                               Jennifer A. Golinveaux
3                                              Diana Hughes Leiden
                                               Irina V. Lyapis
4
                                               *Attorneys for Defendant*
5                                              OFFICE DEPOT, INC.

6  DATED: March 2, 2018                          LAW OFFICE OF RHETT O. MILLSAPS II
7
8                                         By:  */s/ Rhett O. Millsaps II*
                                               Rhett O. Millsaps II (*pro hac vice*)
9                                         SIMPSON THACHER & BARTLETT LLP
10
11                                        By:  */s/ Christopher J. Sprigman*
                                               Christopher J. Sprigman (*pro hac vice*)
12
                                               *Attorneys for Plaintiff*
13                                             GREAT MINDS

14

15         I, Diana Hughes Leiden, hereby attest that all signatories listed, and on whose

16  behalf the filing is submitted, concur in the filing's content and have authorized the

17  filing.

18                                              */s/ Diana Hughes Leiden*
                                                Diana Hughes Leiden
19

20

21

22

23

24

25

26

27

28